GAUDIN, Judge.
This litigation concerns LSA-R.S. 13:4106 and its applicability to a particular set of facts and circumstances. Mr. and Mrs. John A. Williamson Jr. filed a petition in the 29th Judicial District Court seeking a declaratory judgment and specific performance. The Williamsons had borrowed various sums of money from the Bank of St. Charles and executed mortgage agreements covering six pieces of real property, five in this state and one in Mississippi. Because the bank seized by executory process two of the properties, which were situated in Norco, Louisiana, and had them sold without benefit of appraisal, petitioners contend that their entire debt to the bank was satisfied.
The district judge ruled in favor of the Williamsons, declaring the debts fully satisfied and discharged. The bank was ordered to cancel all mortgages except those involved in the seizure and sale of the Norco properties. We affirm.
On appeal, the bank assigns six errors:
(1) the signed judgment does not conform to the oral judgment rendered in open court,
(2) the trial judge was wrong in finding that the pledge of several pieces of property for the entire indebtedness was not within Louisiana law,
(3) the trial judge erroneously found that the Williamsons did not know they were mortgaging a piece of property located in Mississippi for the $11,148.00 loan secured by a deed of trust and other collateral security devices,
(4) the trial judge erred when he found that a discharge in bankruptcy was not a sufficient reason for the bank to waive appraisal following seizure of two pieces of mortgaged property,
(5) the trial judge mistakenly applied R.S. 13:4106, and
(6) the trial judge committed error by failing to find that all actions taken by the bank were in rem and in full accord with Louisiana and Mississippi statutes.
The Williamsons’ total indebtedness was in excess of $200,000.00. To secure this amount, the bank held mortgages affecting the two properties in Norco, two properties in Ormond Subdivision, one property in Laplace and one property in Hancock County, Mississippi. Each individual mortgage secured payment of the entire amount owed by the Williamsons to the bank.
On November' 19, 1985, the bank filed suit No. 29,658 in the 29th Judicial District Court to enforce, by executory process, its mortgages against four of the five Louisiana mortgages (all except the property in Laplace). The Williamsons filed for bankruptcy (Chapter 7) on January 14, 1986, thereby staying the bank’s executory process. In March of 1986, the trustee in bankruptcy removed the secured properties from the bankruptcy proceeding.
On July 14, 1986, the bank amended suit No. 29,658 and proceeded against the Nor-co properties only. A month earlier, another creditor holding a first mortgage on the Ormond properties had seized and sold these assets with benefit of appraisal. The Bank of St. Charles had a second mortgage on the Ormond properties and did not receive any money when these properties were sold.
The bank’s amendment to suit No. 29,658 authorized the sale of the Norco properties without benefit of appraisal. On September 24,1986, the bank purchased the Norco properties for $1,000.00. The record indicates that, according to the bank, the Nor-co properties (138 Clayton Drive and 35 West B Street) had a value of $70,000.00.
*588 If a Louisiana mortgagee provokes a sale without appraisal, the provisions of R.S. 13:4106 come into play. The statute provides, in pertinent part:
“If a mortgagee or other creditor takes advantage of a waiver of appraisement ... and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency ...”
In Rushing v. Dairyland Ins. Co., 456 So.2d 599 (La.1984), the Supreme Court of Louisiana enforced the terms of R.S. 13:4106, stating that a mortgagee who causes a sale without appraisal cannot recover as a loss payee under its debtor’s insurance policy. The Court said at page 602:
“Our holding is consistent with the debt- or protection policy promoted by the Deficiency Judgment Act. In situations involving a mortgagee-loss payee, a sale without appraisal will often result in the debtor being harmed by receiving a smaller portion of the insurance proceeds ... Further recovery by the creditor would be contrary to the spirit of the Act despite the inequities that may result in a particular case.”
(Underlining provided.)
No doubt the Bank of St. Charles here will not recover the full amount loaned to the Williamsons. The wording of R.S. 13:4106, however, appears clear that an appraisal of the Norco properties should have been made if the bank intended to look beyond that foreclosure proceeding.
Following the trial, the district judge said:
“The Court does not know the reason, nor was there any testimony to show why the bank proceeded to have the property sold in Norco without benefit of an appraisal ...
“The Court has looked at what the law is, what the public policy is in the state, and for whatever reason it was done, the Court finds that when the bank proceeded to sell this Norco property without an appraisal, it fully satisfied and discharged the debtor ...
“... the fact that Mr. Williamson and his wife had been discharged in bankruptcy ... did not ... authorize the bank to proceed without benefit of appraisal.”
The bank’s first assignment of error relates to this comment by the trial judge: “Now whether or not this declaratory judgment ... in Louisiana would affect this situation in Mississippi, I don’t know.” Yet, according to appellant, the bank was ordered to cancel all security devices, including any that might affect the property in Mississippi.
While the district court in St. Charles Parish has no in rem jurisdiction over property in another state, the appealed-from judgment does not attempt to exercise such in rem jurisdiction. The 29th Judicial District Court did, however, have jurisdiction over the parties appearing before it and the local security devices; and the judgment of July 27, 1987 dealt with matters properly before the court and within its jurisdiction. How and to what extent the Louisiana decree will have a bearing on the “Mississippi situation” is for the court of our sister state to determine.
Generally, the other assignments of error attempt to read into the district court judgment findings of fact and/or conclusions of law that are not there or are not relevant. The trial judge found simply that the executory process sale without appraisal was contrary to and activated the provi-' sions of R.S. 13:4106.
The penalty provisions of this statute are harsh, but apparently the legislature meant to impose severe restrictions on creditors who seize and sell without appraisement.
Although not cited by appellant, we are not unmindful of LSA-R.S. 13:4108.1, which was added to the Deficiency Judgment Act in 1986. This statute permits a deficiency judgment in spite of a lack of appraisal with respect to obligations based on commercial transactions. The William- *589 sons’ obligations appear to be personal and were not entered into primarily for business purposes.
The judgment of the 29th Judicial District Court is affirmed with appellant to bear costs.
AFFIRMED.